UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
UNITED STATES OF AMERICA,

                 Plaintiff,

    -against-                                     06-cr-01176-01 (VF)

ORLANDO PILETAS,                               <u>ORDER</u>

                 Defendant.
---------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate**

Defendant Orlando Piletas filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking a sentence reduction to time served. See Def.'s Mot. to Reduce Sentence ("Def.'s Mot."), ECF No. 15. The Government opposed the motion. See Govt.'s Mem. in Opposition ("Govt.'s Br."), ECF No. 21. For the reasons set forth below, Mr. Piletas' motion is respectfully denied.

## BACKGROUND

On May 24, 2006, Mr. Piletas assaulted a Deputy United States Marshal while he was being transported from Attica Correctional Facility—where he was serving a state prison sentence—to the United States Courthouse in Manhattan, where he was scheduled to testify in a civil proceeding.[1] See Misdemeanor Information, ECF No. 9; Sentencing Tr. at 3, ECF No. 12. Mr. Piletas was charged with violating 18 U.S.C. § 1114, a misdemeanor, and he pled guilty to that offense on January 10, 2007. See ECF No. 9; Minute Entry dated Jan. 10, 2007.

---

[1] Mr. Piletas was convicted of Second-Degree Manslaughter and sentenced, on April 5, 2000, to an indeterminate sentence of twenty-two-and-one-half years to 26 years imprisonment, followed by five years of post-release supervision. See Presentence Investigation Report ("PSR") at 8 (attached as Ex. A to ECF No. 21).

On June 8, 2007, Mr. Piletas appeared before the Honorable Debra C. Freeman for sentencing. See ECF No. 12. At his sentencing, Mr. Piletas asked the Court to impose a sentence to run concurrently with his state sentence. See ECF No. 12 at 3-5. The Government took no position on Mr. Piletas' request to have his sentence run concurrently, acknowledging that it was within the Court's discretion to impose a concurrent sentence. See ECF No. 12 at 6. Judge Freeman denied Mr. Piletas' request, reasoning that if his sentence for the misdemeanor assault ran concurrently "there would be no consequence" to Mr. Piletas from his "conduct" and thus no "deterrence for this particular act, which was a serious act." See ECF No. 12 at 8. Ultimately, Judge Freeman sentenced Mr. Piletas to a determinate sentence of 12-months' imprisonment, to run concurrently with his state prison sentence, followed by one year of supervised release. See ECF No. 12 at 13-14.

On July 10, 2021, Mr. Piletas was released from state custody, after having served 21 years of his state sentence. On that day, he began serving his federal sentence at FCI Ray Brook. Mr. Piletas' projected release date is July 8, 2022. See Find an Inmate, Federal Bureau of Prisons, http://www.bop.gov/inmateloc/ (last visited May 20, 2022).

On November 28, 2021, Mr. Piletas filed a letter with the Warden of FCI Ray Brook, requesting his immediate compassionate release under 18 U.S.C. § 3582(c)(1)(A). See Piletas' Ltr. to Warden attached as Ex. 1 to Def.'s Mot., ECF No. 15 at Ex. A. Mr. Piletas sought compassionate release due to his chronic asthma, the harsh conditions of his incarceration as a result of the ongoing COVID-19 pandemic, and the needs of his elderly mother and family. See id. More than 30 days have passed since the Warden's receipt of Mr. Piletas' letter; the Warden has not responded to Mr. Piletas' request.

On April 15, 2022, Mr. Piletas filed the instant motion under 18 U.S.C. § 3582(c)(1)(A). The Government filed its opposition on May 16, 2022. See ECF No. 21. In its opposition, the Government indicated that Mr. Piletas had recently been transferred to a halfway house

administered by the Residential Reentry Management Field Office in Brooklyn, where he will serve the remainder of his sentence. See id. at 2. On May 17, 2022. the Court heard argument via telephonic conference. See Minute Entry dated May 17, 2022. During the conference, defense counsel stated that Mr. Piletas had been transferred to the halfway house on May 13, 2022.

## DISCUSSION

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), a court is authorized to reduce a previously imposed term of imprisonment upon a finding that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); see also United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021). In reaching that determination, a court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it]." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). A defendant has the burden of showing that he is entitled to a sentence reduction. See United States v. Phillibert, 557 F. Supp.3d 456, 458 (S.D.N.Y. 2021).

There are three requirements that must be satisfied before a court can grant compassionate release. Keitt, 21 F.4th at 71. First, a defendant must have exhausted his administrative remedies. Id. Specifically, a defendant may move for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). Second, a court must determine that granting release is consistent with the factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements of the Sentencing Commission.[2] See 18 U.S.C. § 3582(c)(1)(A); see also

---

[2] The applicable policy statement for compassionate release is found in the U.S. Sentencing Guidelines (U.S.S.G.) § 1B1.13 and Commentary. As is relevant here, U.S.S.G. § 1B1.13 states that a court "may reduce a term of imprisonment" if the court determines that "[e]xtraordinary and compelling reasons warrant the reduction," the defendant "is not a danger to the safety of any other person or to the community," and a sentence reduction "is consistent with this policy statement."

United States v. Harper, No. 21-516, 2022 WL 599037, at *1 (2d Cir. Mar. 1, 2022) (summary order); Keitt, 21 F.4th at 71; United States v. Orozco, No. 18-CR-716, 2022 WL 1241042, at *2 (S.D.N.Y. Apr. 27, 2022). "In particular, the Court must consider whether a reduced sentence would still 'reflect the seriousness of the offense, . . . promote respect for the law, . . . provide just punishment for the offense,' and 'afford adequate deterrence to criminal conduct.'" Orozco, 2022 WL 1241042, at *2 (quoting 18 U.S.C. § 3553(a)(2)(A)-(B)) (alterations in original); United States v. Roney, 833 F. App'x 850, 853-54 (2d Cir. Nov. 2, 2020) (noting that a court must determine "whether compassionate release would be consistent with § 3553(a) by considering how early release would impact the aims of the original sentence."). Finally, a defendant "must demonstrate that his proffered circumstances are indeed 'extraordinary and compelling' such that, in light of these § 3553(a) factors, a sentence reduction is justified under § 3582(c)(1)(A) and would not simply constitute second-guessing of the sentence previously imposed." Keitt, 21 F.4th at 71.

As an initial matter, Mr. Piletas has satisfied the exhaustion requirement in Section 3582(c)(1)(A). As recounted above, Mr. Piletas submitted a letter to the Warden of FCI Ray Brook on November 28, 2021, seeking compassionate release under the statute. Because more than 30 days have elapsed without a response by the Warden to Mr. Piletas' request, the statute's exhaustion requirement has been met.

Turning to the merits of the motion, Mr. Piletas has not proffered extraordinary and compelling circumstances to justify the sentence reduction he seeks. Mr. Piletas argues that his high risk of contracting COVID-19 while incarcerated coupled with the punitive conditions he has endured while being incarcerated during the COVID-19 pandemic establish extraordinary and compelling reasons warranting his immediate release from the custody of the Bureau of Prisons. Def.'s Mot. at 4-6, ECF No. 15. To be sure, the pandemic and the consequent restrictions imposed to control the spread of the virus have resulted in conditions of confinement that are more severe

than the sentencing court could have contemplated at the time of sentencing. See United States v. Mcrae, No. 17 Cr. 643, 2021 WL 142277, at *5 (S.D.N.Y. Jan. 15, 2021) (noting that incarceration during the COVID-19 pandemic has made the conditions of confinement for a defendant harsher and "more punishing"). However, Mr. Piletas is no longer incarcerated at RCI Ray Brook. He is now at a halfway house in Brooklyn. As other courts have recognized, granting a sentence reduction now, after Mr. Piletas has been released from the correctional institution that "imposed the conditions he complains of," would take him out of a facility that was "intended to benefit" his transition into the community after a lengthy prison sentence. See United States v. Johnson, No. 18 Cr. 00907, 2021 WL 4120536, at *3 (S.D.N.Y. Sept. 9, 2021); see also United States v. Diaz, No. 14 Cr. 108, 2022 WL 19760, at *4 (S.D.N.Y. Jan. 3, 2022).

Prior to his current federal sentence, Petitioner was serving a state sentence. All told, Mr. Piletas, who is now 43 years old, has been incarcerated since he was 20 years old. The lengthy period of Mr. Piletas' incarceration further weighs in favor of allowing him to serve the remainder of his sentence—less than two months—at a halfway house. There, Mr. Piletas can receive assistance with his transition into the community.[3]

Mr. Piletas also relies on his documented history of asthma (see PSR at 12) to argue that he has an increased risk of serious complications from COVID-19. Def.'s Mot. at 4. Mr. Piletas, however, is fully vaccinated against COVID-19. See Govt's Br. at 5. And his medical records suggest that his asthma is controlled. See Govt's Br. at Ex. B. Mr. Piletas' vaccination status coupled with the lack of evidence showing that he suffers from complications from his asthma further cuts against a finding that his health is an extraordinary and compelling circumstance supporting a sentence reduction. See, e.g., United States v. Bailey, No. 97 Cr. 269, 2021 WL 4942954, at *2

---

[3] See https://www.bop.gov/about/facilities/residential_reentry_management_centers.jsp (last accessed May 19, 2022) (explaining the services offered at a residential reentry facility).

5

(S.D.N.Y. Oct. 22, 2021) (concluding that defendant's risk of contracting COVID-19 while incarcerated did not demonstrate extraordinary and compelling circumstances where defendant was fully vaccinated and his chronic health condition was well controlled); Diaz, 2022 WL 19760, at *4 (reasoning that defendant's vaccination status counseled against a finding of extraordinary and compelling circumstances, where defendant was serving the remainder of his sentence at a halfway house).

Mr. Piletas additionally argues that a sentence reduction is warranted because of the needs of his stepson and mother. Def.'s Mot. at 6-8. In particular, Mr. Piletas emphasizes that his mother is getting older, is in poor health, fears that she will die before her son is released from prison, and cannot visit him in prison because of the pandemic. Id. at 7; see also id. at Ex. B (Luisa Piletas Ltr.). But Mr. Piletas' transfer to a halfway house in Brooklyn—near his mother, wife, and stepson—has drastically changed his circumstances. As defense counsel acknowledged during the telephonic hearing on May 17, 2022, Mr. Piletas is able to leave the halfway house to visit with his family and to be with his mother.

Finally, Mr. Piletas argues that he has served more than 75 percent of his 12-month sentence, has used his time in prison to earn his GED and engage in other rehabilitative efforts, and has secured employment at a construction company upon his release. Def.'s Mot. at 1, 8-10. Mr. Piletas' efforts at self-improvement are commendable but "rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." See 28 U.S.C. § 994(t); United States v. Torres, 464 F. Supp. 3d 651, 660-61 (S.D.N.Y. 2020). Similarly, a defendant's completion of most of his sentence, by itself, is not an extraordinary and compelling reason for a sentence reduction. See United States v. Aswat, No. 04 Cr. 356, 2021 WL 2018207, at *4 (S.D.N.Y. May 20, 2021) ("The Court also recognizes that [defendant] has served approximately 90 percent of his sentence. However, this alone does not present an extraordinary and compelling reason for

6

release."). Nor does the Court conclude that those factors, when considered with the other factors Mr. Piletas has raised, constitute extraordinary and compelling reasons for a sentence reduction given Mr. Piletas' current placement at a halfway house. There, as defense counsel indicated during the telephonic hearing, Mr. Piletas will be able to begin his employment at the construction company. Mr. Piletas will also be able to leave the facility to visit his family. And after spending nearly all his adult life incarcerated, the services and programming offered at the halfway house will further facilitate Mr. Piletas' successful reentry into the community.

In short, none of Mr. Piletas' reasons for a sentence reduction, whether viewed independently or collectively, establish extraordinary and compelling circumstances for a sentence reduction. The Court also considers the applicable factors under 18 U.S.C. § 3553(a) and concludes that they do not weigh in favor of a sentence reduction, particularly given Mr. Piletas' current placement at a halfway house. The Court agrees with the Government that Mr. Piletas' transfer to a halfway house weighs strongly in favor of his completion of his sentence. Govt.'s Br. at 9. Under Section 3553(a) a court must consider the need for the sentence imposed "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). As already discussed, Mr. Piletas has been incarcerated since he was 20 years old. The halfway house will facilitate his readjustment to life in the community, by providing resources that include assistance in managing his finances and medical and mental health care.

## **CONCLUSION**

For the foregoing reasons, Mr. Piletas' motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.[4] The Clerk of Court is directed to terminate the motions at Docket Nos. 15 and 19.

**SO ORDERED.**

DATED:     New York, New York
                May 20, 2022

_____

VALERIE FIGUEREDO

United States Magistrate Judge

---

[4] The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are meritless.